Bergan, J.
(dissenting). Plaintiff, showing no franchise or other property rights whatsoever in providing water service in a territory which has been assigned by the Water Resources Commission to defendant, a public benefit corporation, has *90 obtained an injunction preventing the defendant from affording service in its own territory.
The traditional requirement for an injunction, that a party show that his existing rights are in irreparable danger, has not been insisted upon in granting this injunction. The injunction is, indeed, quite extraordinary. It is not unlike enjoining a bus company from operating in a territory assigned by a regulatory body on the ground that another bus company wants to apply for a franchise for that same territory.
It is the possible “ application for permission to serve the area in dispute ” which seems to be the link by which the majority opinion brings plaintiff into a legal relationship to the disputed territory. But one will search in vain in the complaint and the moving papers for any statement by plaintiff that it intends to apply to the Water Resources Commission for authorization to serve the disputed area. What the complaint does say is that if defendant undertakes to serve this part of its own territory this will “ deprive ” plaintiff “of an opportunity to litigate the merits of each installation ’ ’ before the commission. This is a tenuous interest, indeed, for a plaintiff seeking an injunction to assert.
The fundamental basis of this court’s decision seems to be that the commission must determine whether plaintiff or defendant should be permitted to service the hospital which is within defendant’s present territory.
But it is clear from a long brief the commission itself has filed as amicus curies that the commission believes the defendant public water authority ought to service the hospital and that its prior authorization entitled defendant to do so.
The commission, indeed, argues that the effect of the injunction granted at the Appellate Division would be to “ effectively strip the aura of finality of any administrative determination and lay it forever bare to attack, even after the limitations of time provided by Civil Practice Law and Rules, Article 78, and special limitations of time (e.g., Cons. L., § 432) had elapsed.” The brief continues: “ This would place in jeopardy the finality of long-standing past as well as all future administration [sic] determinations, even those from which no appeal was taken. Parties to administrative determinations and other persons could be subjected to endless litigation and relitigation of such *91 determinations. Thus an onerous burden would be placed upon administrative bodies and the Courts of this State. ’ ’
The injunction may not have such catastrophic consequences as the commission apprehends, but even without them, it is unsoundly based; and with the commission’s present view of the problem, it results merely in a delay to defendant, empty of any real benefit to plaintiff.
The order should be reversed.
Judges Burke, Scileppi and Breitel concur with Judge Van Voorhis; Judge Bregan dissents and votes to reverse in an opinion in which Chief Judge Full and Judge Keating concur.
Order affirmed, etc.